**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 25-cv-03638-RMR

NOBERTO FRANCO SANCHEZ,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as the Warden of the Denver Contract Detention Facility, Aurora, Colorado,
ROBERT HAGAN, in his official capacity as the Director of the Denver Field Office for U.S. Immigration & Customs Enforcement,
KENNETH GENALO, in his official capacity as the Director of the New York Field Office of U.S. Immigration & Customs Enforcement,
TODD M. LYONS, in his official capacity as Acting Director, United States Immigration and Customs Enforcement,
KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security, and
PAMELA BONDI, in her official capacity as Attorney General, U.S. Department of Justice,

Respondents.[1]

---

**ORDER**

---

Petitioner Noberto Franco Sanchez ("Petitioner") has lived in the United States for over two decades. ECF No. 1 ¶ 3. He has been out of immigration custody since 2018, when an immigration judge released him on bond. *Id.* Years later, Petitioner was arrested and detained on September 1, 2025. ECF No. 23 at 2. After two months of detention, he

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is automatically substituted for Robert Hagan; Markwayne Mullin is automatically substituted for Kristi Noem; and Todd Blanche is automatically substituted for Pamela Bondi.

was released from the Aurora Detention Facility on November 25, 2025. *Id.* Although released, Petitioner is still subject to release conditions, including required participation in the Alternatives to Detention ("ATD") program. *Id.* at 3. The ATD program requires Petitioner to (1) attend regular appointments at the Intensive Supervision Appearance Program ("ISAP") office in Long Island in person, (2) conduct phone check-ins every Tuesday morning, and (3) obtain Immigration and Customs Enforcement ("ICE") permission when he wants to travel outside of New York State. *Id.* at 3-4. None of these restrictions were present when Petitioner was initially released on bond in 2018. *Id.* at 4. Petitioner also has a pending appeal with the United States Citizenship and Immigration Services ("USCIS") on its denial of his U Visa application. *Id.* at 2.

## I. BACKGROUND

On January 12, 2026, Petitioner filed an Amended Petition for Writ of Habeas Corpus, arguing that the restrictions imposed by ICE are unlawful. ECF No. 23 at 4.[2] Petitioner seeks immediate release "from custody by removing the requirement of annual check-ins and any accompany restrictions in the Order of Release that were not included in the 2018 Bond Order." *Id.* at 39. Respondents contend Petitioner is challenging these release conditions in the wrong venue and that ICE has statutory authority to impose reporting requirements. ECF No. 24 at 1-2.

---

[2] Respondents filed a response, ECF No. 24, and Petitioner filed a reply after the Court granted his request to reply, ECF No. 27. Petitioner also filed a Supplemental Amended Petition for Writ of Habeas Corpus on April 15, 2026, ECF No. 31, and Respondents responded, ECF No. 32.

Petitioner does not deny that he has been released from detention. ECF No. 23 ¶ 3. Although he has been released, he argues this Court has "jurisdiction to hear habeas corpus claims by noncitizens challenging the lawfulness or constitutionality of their detention by Immigration and Customs Enforcement (ICE)." *Id.* ¶ 9. Indeed, this Court has previously concluded that federal courts have jurisdiction to decide habeas petitions. *See Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *2-*3 (D. Colo. Oct. 17, 2025). However, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Here, Petitioner is not challenging confinement in the form of detention, nor is he physically located in the District of Colorado. Instead, he is released on recognizance and residing in New York. ECF No. 23 ¶¶ 64-65.

## II. ANALYSIS

### A. Release Conditions Constitute "Continued Custody"

The Court first addresses the fact that Petitioner challenges his release conditions, rather than physical confinement. The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020). This Court and others in this District have determined that release conditions unilaterally imposed by ICE constitute "continued custody" for the purposes of habeas relief. *See Armendariz v. Baltasar*, No. 1:26-cv-00228-RMR, 2026 WL 2164459,

at *2 (D. Colo. July 28, 2026) ("Courts in this District have held that GPS monitors and check ins not ordered by an Immigration Judge and unilaterally imposed by ICE constitutes continued custody"); *see also Cortes v. Guadian*, No. 1:26-CV-00294-CNS, 2026 WL 265688, at *2 (D. Colo. Feb. 2, 2026) ("Imposing after-the-fact release conditions, such as GPS wearables and check-ins, that the immigration judge did not herself impose, constitutes custody for habeas purposes."); *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1225, 1258 (D. Colo. 2026) ("any form of re-detention — including electronic monitoring and mandatory reporting — violates Petitioner's due process rights").

Respondents argue this Court lacks jurisdiction to review Petitioner's conditions of release under 8 U.S.C. § 1226(e). ECF No. 24 at 4. However, Respondents fail to explain how 8 U.S.C. § 1226 applies to Petitioner's circumstances. Section 1226 states that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The record reflects Petitioner was detained and released by ICE. But it is not apparent that he was detained pursuant to pending decision regarding his removal—making the applicability of § 1226 uncertain. Next, Section 1226 provides that the "Attorney General may release the alien on bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General." 8 U.S.C. § 1226(a)(2). Here, Petitioner was released by an Order of Release on Recognizance. ECF No. 20 at 2. There is no dispute that 8 U.S.C. § 1226(e) bars judicial review of the Attorney General's "discretionary judgment" regarding the "detention of any alien or the revocation or denial of bond or parole." The issue here is that Petitioner does not appear to have been detained and released on bond pursuant to

8 U.S.C. § 1226 in the first place. The record is wholly devoid of any mention of the procedural requirements outlined under § 1226, such as a warrant issued by the Attorney General permitting Petitioner's arrest under § 1226(a). Thus, the Court is not persuaded that 8 U.S.C. § 1226(e) prevents it from reviewing Petitioner's release conditions unilaterally imposed by ICE.

**B. The District of Colorado Remains the District of Confinement**

Next, the Court confronts the question of whether it has jurisdiction to review Petitioner's claim while he resides in New York. *Rumsfeld* establishes that "core habeas petitions" challenging physical confinement are only appropriately brought in the district of confinement. In this case, Petitioner's habeas petition challenges his collateral custody through ICE's release conditions imposed following his release from the Denver Contract Detention Facility. ECF No. 20-1 ¶¶ 3-5. Petitioner has since returned home to New York. *Rumsfeld* makes clear that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." 542 U.S. at 447. Although Petitioner now resides in New York, his custody was initiated and imposed in Colorado by the Colorado-based Respondents. To file his Petition anywhere else could be fatal to habeas jurisdiction. *Id.* at 445 (stating "the custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction"). Therefore, Petitioner appropriately seeks the requested relief in the District of Colorado.

### C. Administrative Exhaustion is Not Statutorily Required

Finally, Respondents suggest Petitioner's requested relief is inappropriate, because he has not exhausted his administrative remedies before seeking judicial review. ECF No. 24 at 6. These arguments are not new. Indeed, Respondents have repeatedly argued that 8 C.F.R. 236.1(d) provides administrative remedies that must be exhausted before for noncitizens seek judicial review of their custody determinations, and courts in this District have continually found that exhaustion is not required. *See Cortes*, 2026 WL 265688, at *1; *Batz Barreno*, 816 F. Supp. 3d at 1258; *Cervantes Arredondo v. Baltazar*, No. 1:25-CV-03040-RBJ, 2025 WL 5236084, at *2 (D. Colo. Dec. 18, 2025) ("In the immigration context, 'exhaustion of remedies is statutorily required only for appeals of final orders of removal.'") (quoting *Hoang v. Comfort*, 282 F.3d 1247, 1254 (10th Cir. 2002), *cert. granted and judgment vacated on other grounds sub nom. by Weber v. Phu Chan Hoang*, 538 U.S. 1010 (2003)). Here, Petitioner is not appealing a final order of removal. Therefore, he is not obligated to exhaust administrative remedies before seeking judicial relief.

Taken together, the Court finds that Petitioner remains "in custody" for the purposes of habeas corpus and that this Court has jurisdiction to review Petitioner's habeas claim regarding ICE's unilaterally imposed release conditions. Respondents argue "the minimal reporting requirements imposed on Petitioner do not violate his substantive due process rights." ECF No. 24 at 8. However, "[i]t is well established that the Fifth Amendment entitles aliens due process of law in the context of removal proceedings" and "detainees are entitled to notice and opportunity to be heard appropriate

to the nature of the case." *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025). Under this reasoning, Petitioner's continued custody in the form of unilaterally imposed release conditions violate his due process rights. *Batz Barreno*, 816 F. Supp. 3d at 1258 ("any form of re-detention – including electronic monitoring and mandatory reporting – violates Petitioner's due process rights"). Therefore, his Amended Petition for Writ of Habeas Corpus is GRANTED.

## III. CONCLUSION

For the reasons set forth above, Petitioner's Amended Petition for Writ of Habeas Corpus, ECF No. 23, is **GRANTED**. Respondents are **ORDERED** to release Petitioner from custody, including any conditions of release not explicitly imposed in writing by the immigration judge's 2018 bond decision or at a later custody hearing where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C. § 1226(a).

Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order.

On or before **August 24, 2026**, Respondents shall file a status report certifying compliance with this Order.

Finally, because Petitioner has received the relief requested, his Motion for a Temporary Restraining Order and/or Preliminary Injunction, ECF No. 12, is **DENIED AS MOOT**.

DATED: August 19, 2026

BY THE COURT:

______________________________
REGINA M. RODRIGUEZ
United States District Judge